Roger S. Bonakdar, #253920
2344 TULARE ST., SUITE 301
FRESNO, CALIFORNIA 93721
PHONE (559) 495-1545
FAX (559) 495-1527

Attorney for DEFENDANT, ROLAND RUDY PALACIOS

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00229-DAD-BAM |
| Plaintiff, | STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE |
| v. | DATE: August 10, 2020 |
| ROLAND RUDY PALACIOS, | TIME: 1:00 P.M. |
| Defendant. | COURT: Hon. Barbara A. McAuliffe |

This case is set for a hearing on August 10, 2020, which the parties stipulate to continue to October 26, 2020, for the reasons set forth below. On May 13, 2020, this Court issued General Order 618, which indefinitely continues the Court's General Order No. 611, which addresses public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover,

any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Orders 611, 612, 617, and 618 requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court

should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant, ROLAND RUDY PALACIOS, by and through his counsel hereby agree and stipulate to continue the hearing in this matter, which is currently set for August 10, 2020, until October 26, 2020. In support thereof, the parties stipulate that:

1. By previous order, this matter was set for August 10, 2020.

2. By this stipulation, the parties now move to continue the status conference until October 26, 2020, and to exclude time between August 10, 2020 and October 26, 2002, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a. The government has represented that the discovery associated with this case includes hundreds of pages of police reports, surveillance videos, dispatch calls, and the recorded statement of the Defendant. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b. Counsel for Defendant desires additional time to review discovery, research any mitigating factors, and discuss a potential plea with the government. The parties anticipate that this case will result in a plea agreement and they have had preliminary discussions.

   c. Counsel for Defendant requests a continuance in order to conduct mitigation research relating to the Armed Career Criminal allegation, and to present mitigating evidence to the prosecution in furtherance of plea negotiations.

   d. Counsel for Defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e.    The government does not object to the continuance.

    f.    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g.    For the purposes of computing time under the Speedy Trial Act, 18 U.S.C. §3161, et seq., within which trial must commence, the time period of August 10 2020, to October 26, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. §3161(h)(7)(A), B(iv [Local Code T4] because it results from a continuance granted by the Court at Defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    h.    In addition, based on the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is also appropriate in this case.

4.    Nothing in this Stipulation and Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period which a trial must commence.

IT IS SO STIPULATED.

Dated: August 5, 2020                    MCGREGOR W. SCOTT
                                            United States Attorney

                                        By:  /s/ THOMAS NEWMAN
                                              THOMAS NEWMAN
                                              Assistant United States Attorney

Dated: August 5, 2020                    BONAKDAR LAW FIRM

                                              /s/ Roger Bonakdar
                                              Attorney for Defendant
                                              Roland Rudy Palacios

*[ORDER CONTINUES ON FOLLOWING PAGE]*

**O R D E R**

IT IS ORDERED that the status hearing set for August 10, 2020, is continued until **October 26, 2020 at 1:00 pm before Magistrate Judge Barbara A. McAuliffe.**

IT IS FURTHER ORDERED THAT the period of time from August 10, 2020, through October 26, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **August 5, 2020**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE